UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENISE GARRISON,

        Plaintiff,

-vs-

CALIBER HOME LOANS, INC.,

        Defendant.

Case No: 6:16-cv-978-ORL-37DAB

DISPOSITIVE MOTION

**DEFENDANT'S MOTION TO DISMISS COUNTS II-VII
OF PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 12 and Middle District of Florida Local Rule 3.01, Defendant, CALIBER HOME LOANS, INC. ("Defendant" or "Caliber"), files this Motion to Dismiss Counts II-VII of the Complaint (DE No. 1) filed by Plaintiff, DENISE GARRISON ("Plaintiff" or "Garrison"), and in support thereof, states as follows:

## I.    INTRODUCTION

Plaintiff alleges Caliber violated an array of federal and state statutes in connection with its servicing of Plaintiff's mortgage loan. Specifically, Plaintiff alleges violations of the Telephone Consumer Protection Act (TCPA) (Count I), violations of the Fair Debt Collection Practices Act (FDCPA) (Count II), willful violations of the Fair Credit Reporting Act (FCRA) (Count III), negligent violations of the FCRA (Count IV), violations of the Real Estate Settlement Procedures Act (RESPA) (Count V), action for Declaratory Relief (Count VI), and violations of the Florida Consumer Collection Practices Act (FCCPA) (Count VII).

Plaintiff's Complaint is premised on two claims—**(i)** that the note and mortgage are "fraudulent," and thus unenforceable, and **(ii)** that the debt owed is essentially extinguished by the statute of limitations. As set forth herein, Plaintiff's allegations that her loan documents are "fraudulent" are conclusory and unsubstantiated because this issue was never adjudicated by any

- 1 -

court. Moreover, even if properly stated, her fraud claims are untimely. As to Plaintiff's claims concerning the statute of limitations, Plaintiff is impermissibly attempting to bootstrap an affirmative defense into an affirmative cause of action. Plaintiff is confusing Caliber's articulation of the amount Plaintiff has not paid, with the amount Caliber may ultimately collect through the judicial process. Therefore, Counts II - VII of Plaintiff's Complaint should be dismissed, with prejudice.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim upon which relief may be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell v. Twombly*, 550 U.S. 544, 570 (2007)). A "plausible claim for relief" is made where the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pleadings that "are no more than conclusions, are not entitled to the assumption of the truth. While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations." *Id.* "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Henderson v. JPMorgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011) (quo*ting Twombly*, 550 U.S. at 555).

## III. ARGUMENT AND CITATION TO AUTHORITY

### A. Claims Based on Plaintiff's Prior Allegations that the Note and Mortgage Were "Fraudulent" are Conclusory and Unsubstantiated.

Plaintiff claims that Caliber is prohibited from enforcing the mortgage loan documents or reporting the debt because her note and mortgage are "fraudulent."[1] Plaintiff's allegations are based solely on the opinion of a purported expert witness in a previously dismissed foreclosure action brought by Caliber's predecessor in interest, and are speculative, at best, and completely unsubstantiated. There has not been *any adjudication by any court* that Garrison's note or mortgage were forged or fraudulent nor has Caliber conceded that point. Contrary to Plaintiff's suggestion, a voluntary dismissal of the prior foreclosure action is *not* the equivalent of an adjudication on the merits. *See* Fla. R. Civ. P. 1.420(a)(2); *see also, Xerox Corp. v. Sharifi*, 502 So. 2d 1003, 1004 (Fla. 5th DCA 1987); *Chassan Prof'l Wallcovering, Inc. v. Victor Frankel, Inc.*, 608 So. 2d 91 (Fla. 4th DCA 1992). Plaintiff has misinterpreted a voluntary dismissal of the prior foreclosure action to be an adjudication that the note and mortgage were fraudulent. Plaintiff is wrong -- there has been no determination that the note or mortgage were fraudulent. Plaintiff's fraud allegations were a mere defense in a prior foreclosure action, and were never addressed, considered, or ruled on by the court. These allegations cannot now be used as the basis for a slew of affirmative causes of action against an entirely different party.

Further, Plaintiff's allegations are not even indicative of fraud, and none are sufficiently substantiated by fact to meet the standard articulated in Rule 9(b) of the Federal Rules of Civil Procedure. Aside from the voluntary dismissal itself, the only support submitted by Plaintiff for her allegations are an affidavit by Plaintiff's alleged "expert" in the prior foreclosure case, in which this "expert" purports to identify irregularities in the note. *See* Compl. at Bates Stamp

---

[1] Plaintiff bases her FDCPA, FCRA, RESPA, and FCCPA claims on this allegation of fraud, as well as her claim seeking declaratory relief.

- 3 -

000041-000042.² This is not a determination of fraud, nor is it the basis for such a determination. In fact, Plaintiff admits she "executed and delivered a promissory note and a mortgage ... in connection with the purchase" of Garrison's home. *See* Compl. at ¶17. She further admits she "was required to pay a certain sum", which "obligation ... arose from the transaction to purchase" her home. *See id* at ¶18. And finally, she admits that this mortgage and note, which she executed, are secured by her personal residence. *See id.* These allegations are directly in conflict with her assertion that her loan documents were fraudulent.

Even if Plaintiff has sufficiently stated a cause of action, her fraud claims come too late. Fraud is subject to a four-year statute of limitations. *See* Fla. Stat. §95.11(3)(j). The statute of limitations begins to run "when the plaintiff knew or should have known of the ... misrepresentations." *Goodwin v. Sphatt*, 114 So. 3d 1092, 1095 (Fla. 2d DCA 2013). Dismissal is warranted in this case because Plaintiff's Complaint incorporates and attaches the July 12, 2010 Notice of Filing the original loan documents from the foreclosure action, evidencing on the face of the Complaint that Plaintiff knew or should have known of the alleged fraud nearly 6 years ago, in 2010. *See Bott v. City of Marathon*, 949 So. 2d 295, 296 (Fla. 3d DCA 2007) (quoting *Rigby v. Liles*, 505 So. 2d 598, 601 (Fla. 1st DCA 1987) (statute of limitations is basis for dismissal of complaint where the facts constituting the defense affirmatively appear on the face of the complaint). Plaintiff should not be permitted to now obtain affirmative relief based on a cause of action she knew existed nearly 6 years ago.

---

² Even if an original promissory note cannot be located, or has been defaced or destroyed (as Plaintiff's allegations seems to suggest), this does not prevent enforcement of the note and mortgage. Fla. Stat. § 673.3091. Section 673.3091 of the Florida Statutes provides that a person may enforce a lost, destroyed or stolen negotiable instrument.

B.  **Claims Predicated on the Statute of Limitations Do Not Give Rise to Affirmative Causes of Action and Must be Dismissed.**

Counts II through VII of Plaintiff's Complaint, at least in part, are each predicated upon allegations that Caliber was attempting to collect a debt that was barred by Florida's five-year statute of limitations. *See e.g.*, Compl. at ¶ 79(g) *citing* Fla. Stat. §95.11. It is well-settled that statute of limitations constitutes a defense, not an affirmative cause of action. *See Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 798 F. Supp. 2d 1311, 1314 (S.D. Fla. 2011). ). "It is axiomatic that the statute of limitations is a shield, not a sword. At both the federal and state levels it has long been established that the statute is available only as a defense and not as a cause of action." *Guild v. Meredith Vill. Sav. Bank*, 639 F.2d 25, 27 (1st Cir. 1980).

It follows that, "the expiration of the period of time prescribed by a statute of limitations ***does not extinguish the debt itself but only precludes the bringing of legal action to collect that debt***." *Henry v. Halifax Hosp. Dist.*, 368 So. 2d 432, 433 (Fla. 1st DCA 1979) (emphasis added) (*citing Hoagland v. Ry. Express Agency*, 75 So. 2d 822 (Fla. 1954); 21 Fla. Jur., Limitations of Action, section 4 at 168; *Danielson v. Line*, 185 So. 332 (Fla. 1938)); *accord Matos v. Bank of N. Y.*, 14-21954-CIV, 2014 WL 3734578, at *3 (S.D. Fla. 2014) ("[A] 'statute of limitations' is a shield that may be used as an *affirmative defense*; a 'statute of repose' is a sword that may terminate a lien." (emphasis added)).

This is exactly what the Plaintiff is attempting to do in this case. The Plaintiff is endeavoring to use the statute of limitations as a sword to create an affirmative cause of action. Although she may be within her rights to assert the statute of limitations as a an affirmative defense to a future foreclosure, the fact that the statute of limitations has lapsed on any portion of the debt (if true) still must be adjudicated by a court. *Allie v. Ionata*, 503 So. 2d 1237, 1240–41 (Fla. 1987) ("[t]he expiration of a statute of limitation does not resolve the underlying merits of

the consequently barred claim in favor of either party."). As such, the statute of limitations is not an appropriate basis for affirmative relief.

(i) **Counts II, III, IV, V, and VII Should be Dismissed Because the Expiration of the Statute of Limitations Does Not Extinguish the Debt.**

The amount Caliber states is *owed* and the amount Caliber may *sue to collect* upon are not one and the same. Plaintiff does not dispute in her Complaint that the amounts Caliber claims are past due are just that—unpaid and therefore past due. She merely claims that a portion of the past due amount was "erroneous" because it included amounts outside the statute of limitations.

However, Caliber was not taking legal action to collect these amounts—there was no pending foreclosure action then, nor is there one today.[3] Caliber is not precluded from bringing a later foreclosure action on the mortgage loan, it simply could not obtain a judgment for amounts outside the statutory period. *Collazo v. HSBC Bank USA, N.A.*, 41 Fla. L. Weekly D933 (Fla. 3d DCA Apr. 13, 2016) (remanding for trial court to determine the correct sum of principal and interest due under the mortgage note calculated by excluding monthly installment payments due over five years before the commencement of the second foreclosure suit).

Here, Caliber did not file a lawsuit or send any pre-suit demands. Instead, Caliber was doing what it was required to do under the law -- providing monthly loan statements to its borrower. *See* 12 CFR § 1026.41. The debt is not extinguished, the amount due is undisputedly outstanding, and nothing precludes Caliber from identifying all past due amounts in its

---

[3] This case is distinguishable from *Sanchez v. Rushmore Loan Mgmt. Services, LLC*, 2016 WL 3126515 (M.D. Fla. June 3, 2016). In *Sanchez*, the court found that the plaintiff stated a claim for relief under the FDCPA where the defendant sent a Notice of Intent to Foreclose articulating an amount beyond the statute of limitations. *Id.* at *1. Unlike a monthly mortgage statement, a Notice of Intent to Foreclose is a condition precedent to a foreclosure action and is a step in the judicial process to sue to collect a debt outside the statute of limitations. *See* Compl. at Bates Stamp 000018, ¶22 of Mortgage; *see also Konsulian v. Busey Bank, N.A.*, 61 So. 3d 1283, 1284-1285 (Fla. 2d DCA 2011). This is in sharp contrast to Caliber's action in the instant case, which amount to nothing more that provision of a monthly loan statement for informational purposes stating all undisputedly unpaid amounts.

802897

communications to the borrower. Caliber's actions simply do not support any claim for affirmative relief.

### (ii) Plaintiff Does Not Show Entitlement to Declaratory Relief (Count VI) Nor Does the Statute of Limitations Give Rise to an Affirmative Cause of Action.

"The Declaratory Judgment Act requires that an 'actual controversy' exist before a court considers granting declaratory relief ... To satisfy this requirement, there must be a finding of a substantial controversy having sufficient 'immediacy' and 'reality' to warrant relief." *Shaunnessey v. Monteris Medical, Inc.*, 554 F. Supp. 2d 1321, 1323-1324 (M.D. Fla. 2008).

Here, Plaintiff's declaratory relief claim is inconsistent with the nature of statutes of limitations. Plaintiff seeks to obtain an advance ruling on an affirmative defense to a foreclosure action that is not even pending. There is no "substantial controversy" with the requisite "immediacy" or "reality" to warrant declaratory relief. *Id.* Similarly, Florida's First District Court of Appeal held that a trial court erred in granting declaratory relief on a claim that the statute of limitations to foreclose a mortgage had expired where the plaintiff did not allege any enforcement action was imminent. *Countrywide Home Loans, Inc. v. Burnette*, 177 So. 3d 1032, 1033 (Fla. 1st DCA 2015). Here, Plaintiff has not alleged that a foreclosure action is imminent and in any event, Plaintiff can assert the statute of limitations as a defense if and when a foreclosure action is brought. *See id.*

Furthermore, as previously stated, the statute of limitations is a shield against stale claims rather than a sword to be asserted as an affirmative cause of action. This is just what Plaintiff here is attempting to do. Plaintiff is attempting to bootstrap the statute of limitations as a basis for affirmative declaratory relief. This is impermissible and her claims for declaratory relief based upon the statute of limitations must be dismissed.

C.  **Plaintiff Fails to Allege Caliber Had Actual Knowledge of Representation in Violation of the FDCPA and FCCPA.**

Counts II, VI and VII allege that Caliber impermissibly attempted to communicate with the Plaintiff after it had knowledge that she was represented by counsel. Plaintiff's own recital of the dates and events contradict this claim. The FCCPA and the FDCPA provide that a debt collector, in collecting consumer debts, shall not communicate with a debtor if the person *knows* that the debtor is represented by an attorney with respect to such debt. *See* Fla. Stat. § 559.72(18) and 15 U.S.C. § 1692c(a)(2). "Knowledge" as used in these statutes means "actual knowledge." *Wright v. Select Portfolio Servicing, Inc.*, 2015 WL 419618 at *5 (M.D. Fla. Feb. 2, 2015); *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1309-10 (M.D. Fla. 2009) (knowledge under the FCCPA statute means actual knowledge); *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010) (same). Plaintiff must not only *prove* actual knowledge; she must *plead* actual knowledge. *Reese*, 686 F.Supp.2d at 1309; *Wright*, 2015 WL 419618 at *5. Where knowledge alleged in a complaint is predicated solely upon the fact that a borrower was represented in a prior foreclosure, the claims must be dismissed. *Wright*, 2015 WL 419618 at *5.

Here, the Plaintiff was previously involved in litigation with Bank of America, not Caliber. A prior servicer's knowledge that a borrower is represented in a foreclosure action is insufficient as a matter of law to put a successor servicer on notice of representation. *Wright*, 2015 WL 419618 at *5; *Nordwall v. PNC Mortgage*, 2015 WL 4095350, *3 (M.D. Fla. July 7, 2015). Even if this were sufficient notice to Caliber, Plaintiff's claims nevertheless fail because Caliber had no way of knowing whether Plaintiff's attorney represented her in connection with the foreclosure litigation only, or whether the attorney continued to represented her after that action's dismissal. *Nordwall,* 2015 WL 4095350 at *3 ("The Court agrees with Defendant that Plaintiff's counsel's notice of appearance in a separate action does not constitute actual notice of

representation for all-debt related activity.")

To survive a motion to dismiss, Plaintiff must plead that Caliber had actual knowledge that Plaintiff was represented by an attorney after the foreclosure concluded **and** that the representation was in connection with the debt at issue. *Bacelli*, 729 F. Supp. 2d at 1337; *Wright*, 2015 WL 419618 at *5; *Reese*, 686 F.Supp.2d at 1309-10; *Nordwall*, 2015 WL 4095350 at *3. Here, Plaintiff's own allegations indicate Caliber did not, in fact, have actual notice that Plaintiff was represented by an attorney in connection with the debt at issue until at the very earliest, after Plaintiff purportedly sent Caliber a letter on April 5, 2016. Thus, any claims by Plaintiff relating to her representation by an attorney prior to April 5, 2016 must be dismissed.

**D.    Plaintiff's Claims for Violations of the FCRA Under Counts III and IV Must be Dismissed Under Federal Rule of Civil Procedure 8.**

Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* Here, Plaintiff summarily claims she disputed the information reported in her credit report to the credit reporting agencies, and that Caliber "failed to conduct a reasonable investigation" in violation of the FCRA. Compl. at ¶¶57, 91(b), 103. Plaintiff further states that Caliber violated the FCRA by publishing the "delinquency information" and failing to fully and properly investigate Plaintiff's dispute. Compl. at ¶91(a). Plaintiff is simply parroting the statute. This is not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff fails to allege how the "delinquency information" was inaccurate or how Caliber failed to conduct a reasonable investigation—especially considering that it is undisputed that Plaintiff was delinquent on the loan. Caliber cannot mount a defense based on these bare-boned allegations.

Further, in order to substantiate a claim for "willful" violation of the FCRA under Count III of the Complaint, Plaintiff must allege that Caliber acted knowingly or in reckless disregard of the law. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Plaintiff fails to articulate how Caliber knowingly or recklessly reported any inaccurate information to the credit bureaus. As discussed *supra*, there has been no adjudication that the note or mortgage are fraudulent, and the debt is not extinguished by the statute of limitations. As such, Counts III and IV must be dismissed.

### E. Count IV for FCRA Violations and Count V for RESPA Violations Must be Dismissed Because Plaintiff Fails to Allege Actual Harm.

Count IV for negligent violation of the FCRA requires the Plaintiff to allege actual harm. 15 U.S. Code § 1681o; Compl. at ¶105. Similarly, Count V under RESPA, also requires the Plaintiff to articulate actual harm. *Frazile v. EMC Mortg. Corp.*, 382 Fed. Appx. 833, 836 (11th Cir. 2010) (dismissing claim for failure to allege facts relevant to the necessary element of damages). Although Plaintiff summarily declares that she's suffered "damage for the loss of credit" and "ability to purchase" and non-specific mental issues, she fails to plead *any* facts to support her conclusory allegations of harm. Compl. at ¶¶ 106, 116. For example, although Plaintiff makes a blanket claim of harm in the form of "lost credit" and "ability to purchase," she does not allege she has been denied credit or even attempted to purchase anything. In fact, Plaintiff does not even claim she ran her credit report after she disputed the amount and the validity of the debt at issue.

Plaintiff's claims under Count IV and V must be dismissed for failure to put forth more than conclusory allegations concerning a necessary element of her causes of action.

### F. Plaintiff's FCCPA Claims under Count VII Must be Dismissed Because They Are Barred by the Plain Language of the Statute.

Plaintiff's FCCPA claims must fail because the Complaint does not adequately allege that Caliber violated the statute. First, Section 559.72(5) of the Florida statutes provides that a debt collector may not "[d]isclose to a person other than the debtor *or her or his family* information *affecting the debtor's reputation* ... with knowledge or reason to know ... that the information is false." (emphasis supplied). Fla. Stat. §559.72(5). Plaintiff claims Caliber knowingly disclosed false information to her son and to the credit bureaus. Foremost, allegations predicated upon Caliber's alleged disclosure of information to Plaintiff's son must be dismissed because the statute excepts liability for disclosure to a debtor's family. *See* Fla. Stat. §559.72(5). Further, Caliber did not disclose any information affecting Plaintiff's character either to her son or the credit bureaus, nor does Plaintiff sufficiently allege such disclosure. *Heard v. Mathis*, 344 So. 2d 651, 655 (Fla. 1st DCA 1977) (denying claim based on disclosure of amount of debt to plaintiff's friend). And last, Plaintiff has not established that any information disclosed was actually false. As such, claims based upon Section 559.72(5) of the Florida statutes must be summarily dismissed.

Second, Section 559.72(6) of the Florida statutes prohibits disclosure of a debt " ... *known* to be reasonably disputed by the debtor *without disclosing that fact*..." Fla. Stat. §559.72(6). Knowledge requires actual knowledge. *See Reese*, 686 F.Supp.2d at 1310. Caliber did not have actual knowledge of the dispute until April 5, 2016, at the earliest. With respect to Plaintiff's claims that Caliber communicated this information to the credit bureaus, Plaintiff fails to provide any information to support her allegation that Caliber did not communicate that the information was disputed; she admits only that she pulled her credit report on March 14, 2016 -- *prior* to disputing this information. *See* Compl. at ¶¶ 54-56. But even if Plaintiff had properly

- 11 -

802897

alleged this claim, her cause of action nevertheless fails because her dispute was not "reasonable" as contemplated by the statute. As previously discussed, there has been no adjudication that the note and mortgage were "fraudulent." Plaintiff's claims in her letter that she "won" in the foreclosure case because "the bank had submitted a false and fraudulent promissory note to the court and the case got dismissed" are patently false. *See* Compl. at Bates 000074. Likewise, there is no dispute that the amounts reported as past due are correct — the statute of limitations does not extinguish the debt and certainly cannot be interpreted to render those amounts no longer "past due." Plaintiff has not paid the amounts Caliber reported as past due. Caliber did nothing wrong or negligent in reporting this information to the credit bureaus.

And lastly, Section 559.72(9) of the Florida statutes prohibits threatening to enforce a debt "when such person ***knows*** that the debt is not legitimate." Again, knowledge means actual knowledge. *See Reese*, 686 F.Supp.2d at 1310. Plaintiff does not articulate any facts indicating Caliber had actual knowledge of the alleged illegitimacy of the debt. This is especially true as there has been no ruling by any court that the note and mortgage were forged or fraudulent, and further, the statute of limitations did not extinguish Plaintiff's debt. As such, Plaintiff's claims under Section 559.72(9) must be dismissed. *See id.*

## IV. CONCLUSION

Counts II - VII of Plaintiff's Complaint should be dismissed. There has been no adjudication that the note or mortgage were forged or fraudulent. Further, Plaintiff cannot use the statute of limitations defense as a basis for any affirmative cause of action. And lastly, Plaintiff's claims in Counts II - VII are either barred as a matter of law or fail to state a cause of action.

**[Signature and *Certificate of Service on Following Page*]**

Respectfully submitted this 1st day of August, 2016.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
SunTrust Center
200 South Orange Avenue
Post Office Box 1549
Orlando, FL 32802-1549
Telephone: (407) 422-6600
Facsimile: (407) 841-0325
*Counsel for Defendant*

By: */s/Amanda P. Berry*
   Amanda P. Berry
   Florida Bar No.: 22867
   Angelica Fiorentino
   Florida Bar No.: 85886
   apberry@bakerdonelson.com
   afiorentino@bakerdonelson.com
   cmp01@bakerdonelson.com
   OLS-eService@bakerdonelson.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 1st, 2016, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| George Michael Gingo, Esquire | Catherine Jean Jones, Esquire |
| Gingo & Orth | LegalNinja, LLC |
| 400 Orange Street | 400 Orange Street |
| Titusville, FL 32796 | Titusville, FL 32796 |
| *gingo.george@gmail.com* | *jones@mylegalninja.com* |

*/s/ Amanda P. Berry*
   Amanda P. Berry