UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENISE GARRISON,                                    Case No. 6:16-cv-978-Orl-37DAB

              Plaintiff,

v.

CALIBER HOME LOANS, INC.,

              Defendant,

_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT CALIBER HOME LOANS, INC.'S**
**MOTION TO DISMISS COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

          Plaintiff, Denise Garrison, an individual ("Garrison"), by and through her undersigned

attorney, pursuant to Rule 3.01(b), Local Rules of the United States District Court, Middle

District of Florida, files this memorandum in opposition to Defendant's Motion to Dismiss

Complaint [DE 19], filed herein by Defendant, Caliber Home Loans, Inc., a Delaware company

("Caliber").

          **A.**                          **REQUEST FOR JUDICIAL NOTICE**

          Pursuant to Federal Rules of Evidence Section 201, Garrison requests the Court take

judicial notice of the complaint filed in this action, including the documents attached to the

complaint.

          **B.**                     **REVIEW OF COMPLAINT ALLEGATIONS**

          Except where so stated, the following facts are supported in the complaint by exhibits to

the complaint.   On September 23, 2008, Garrison obtained a mortgage loan from Bank of

America, N.A. ("BANA") to purchase her home.   Garrison defaulted on the loan and BANA

sued her in foreclosure on April 4, 2010 ("Foreclosure Action").   BANA's foreclosure complaint stated that Garrison defaulted on December 1, 2009, that BANA owned and held the note and that BANA was due the principal sum of $292,143.32, plus interest from November 1, 2009, title search expenses, unpaid taxes, insurance premiums, accumulated late charges, and inspection fees.  (Complaint, para's. 17 - 21; Exhibits to Complaint, pages 1 - 25).

On July 23, 2010, BANA filed in the Foreclosure Action what it called the "original note".  (Complaint, para. 22; Composite Exhibit A, pages 26 - 30).  The "original note" was a three-page document which was not the same note that Garrison executed on September 23, 2008.   The signature page of the original note is clearly a bad copy of another document, but it contains an original blue ink signature which was not placed there by Garrison.   The first two pages of the original note had different characteristics from the signature page suggesting that the first two pages were not part of the same document set as the signature page.   Garrison had expert witness Steven Drexler opine in a written affidavit that the document was fraudulent. (Complaint, paragraph 22; Composite Exhibit A, pages 39 - 52).  The mortgage carries the same indicia of fraud as the original note.  (Complaint, para. 23).

In the Foreclosure Action, on July 14, 2014, Garrison moved for summary judgment on the basis that the original note was a fraudulent document.   Before hearing occurred on Garrison's motion for summary judgment, BANA moved for return of the original note so that it could examine it to see if it was fraudulent.   Over Garrison's objection to the release of the evidence to BANA, the Court allowed BANA to remove the original note from the clerk's file. Without advising the Court or Garrison of what it found out about the note, on October 23, 2014,

BANA dismissed the Foreclosure Action.  (Complaint, para. 25 - 27; Composite Exhibit A, pages 53 - 64).

On October 23, 2015 BANA notified Garrison the debt was sold to LSF9 Master Participation Trust ("LSF" refers to "Lone Star Funds") and on November 1, 2015, Caliber became the loan servicer for LSF9 Master Participation Trust ("LSF9").  On November 10, 2015, Caliber sent notice to Garrison that it was the servicer of the mortgage loan and it began placing calls the first of at least 50 calls to her cellular telephone in an attempt to collect the delinquent debt.  During every completed call, Garrison told Caliber that she had an attorney and she asked Caliber to stop calling her.  (Complaint, para. 30 -32 and 38 - 43; Composite Exhibit A, pages 65 - 68).

On March 18, 2016, Caliber sent Garrison a mortgage statement and stated "As of 01/18/2016, you are 2299 days delinquent on your mortgage.   Total Payment Due: $188,099.70."  Caliber further stated in the Important Messages section of the same mortgage statement, "This is an attempt by a debt collector to collect a consumer debt and any information obtained will be sued for that purpose."  The total sum Caliber attempted to collect in its March, 2016 mortgage statement exceeds Florida's five-year statute of limitations by approximately sixteen (16) months.  The statement further advised Garrison that the loan had been "referred to Foreclosure." (Complaint, para. 44; Composite Exhibit A, page 69 - 71).

On April 5, 2016, Caliber received a written notice of error containing a request for information, notice of representation, dispute notice, cease contact demand and debt validation demand from Garrison's attorney, George Gingo (the "RESPA Letter").   The RESPA Letter

specifically noted that Caliber was attempting to collect a debt beyond the applicable statute of limitations, that Caliber was to validate the debt, provide the name, address and phone number of the current owner of the debt, provide a full accounting of all charges, correct Garrison's credit report and provide a payoff quote.   On April 7, 2016, Caliber sent a notice to Garrison acknowledging receipt of the RESPA Letter.   On April 8, 2016, Caliber sent a letter to attorney Gingo and a separate letter to Garrison acknowledging that Gingo represented Garrison with respect to the mortgage debt. (Complaint, para. 45 - 48; Composite Exhibit A, pages 75 - 80).

 On April 14, 2016, CALIBER provided a payoff notice to Garrison seeking a sum for principal and interest that included collection of amounts beyond the five-year statute of limitations. (Complaint, para. 49; Composite Exhibit A, page 81)

On or about April 14, 2016, a Caliber agent attempted to personally serve Garrison with non-legal process paperwork at her home.   On or about April 15, 2016, a Caliber agent again came to Garrison's home and tried to serve Garrison with non-legal process paperwork.   The Caliber agent spoke to Garrison's minor son and told the boy that she had to personally talk to Garrison about the mortgage loan which had not been paid and she had to serve papers on her even though no legal action was pending.   On April 17, 2016, a persistent Caliber agent posted on Garrison's door papers purporting to be loan modification documents.  (Complaint, para. 50 - 52; Composite Exhibit A, pages 82 - 89).

In February, 2016, Garrison disputed Caliber's negative report about Garrison's debt with the Credit Reporting Agency ("CRA") Experian.   On March 14, 2016, Garrison accessed her Experian credit report and found that Caliber was still reporting inaccurate information on her

credit report about the amount due.  On March 30, 2016, Garrison sent a dispute to Experian and to Caliber, disputing the negative credit information Caliber reported to Experian.  Caliber failed to conduct a reasonable investigation as demonstrated by Caliber's failure to furnish Experian with correct credit information. (Complaint, para. 54 -58; Composite Exhibit A, pages 72 - 76).

## II.                                       LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the allegations contained in a Plaintiff's complaint and is designed to eliminate counts that fail to state a claim upon which relief can be granted.  *Palmer v. Santa Rosa County*, 2005 U.S. Dist. LEXIS 34314 (D. Fla. 2005).  Dismissal for failure to state a claim is appropriate if the Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  On a motion to dismiss, this Court accepts as true all well-pleaded allegations of the complaint, and construes all reasonable inferences therein in the light most favorable to the plaintiff. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1198 n.2 (11th Cir. 2001) (citing *Byrant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). "When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court's analysis is 'limited primarily to the face of the complaint and the attachments thereto.'" *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368–69 (11th Cir. 1997) (providing that Rule 12(b)(6) is "not designed to strike inartistic pleadings or to provide a more definite statement to answer an ambiguity").

## III.                                    LEGAL ARGUMENT

### A.  CALIBER MISUNDERSTANDS THE NATURE OF THE CASE

Although Caliber attempts to characterize the dispute between the parties as one over Garrison's legal obligation to pay *any* of her mortgage debt to *anyone*, it is more accurately a dispute about the enforceability of the debt, including 1) the amount of the enforceable debt; 2) the identity of the party entitled to enforce the debt; and 3) the manner by which the debt may be enforced.

In other words, Garrison owes some entity a primary duty to pay her mortgage loan as promised.  She breached that primary duty, giving rise to the obligee or other entitled person's ("the Aggrieved") remedial right, i.e. the means by which to seek performance, damages, or some equitable substitute.  Such means include, but are not limited to direct communications with Garrison demanding repayment of the debt, filing a lawsuit against Garrison to obtain a money or foreclosure judgment, or hiring a debt collector to communicate with Garrison regarding the debt for the purpose of collecting the debt on behalf of the Aggrieved.

In connection with the exercise of any selected remedial right, the Aggrieved owes a duty to attempt to collect only those amounts it is legally entitled to collect, to accurately describe the actions or remedial rights the Aggrieved has employed or is entitled to employ to collect the debt, and to accurately disclose the amount of the debt Garrison is legally obligated to pay. When the Aggrieved breaches those duties, the breach gives rise to a sub-set of remedial rights. For example, 15 U.S.C. §1692 gives Garrison the means to identify and the right to challenge abusive practices employed in connection with payment demands and to determine the validity and accuracy of the debt asserted to be due.  15 U.S.C. §1692g.

Garrison filed the instant action as her chosen means by which to seek redress for Caliber's use of unlawful means to collect a mortgage debt that is unenforceable in whole or in

part, and to seek redress for Caliber's breach of other remedial duties owed to Garrison, including the breach of its duty to reinvestigate and correct or remove inaccurately furnished information bearing on Garrison's credit reputation, and breach of its duty to correct known errors related to Garrison's mortgage loan account.  Garrison's only affirmative claim, the action for Declaratory Judgment, asks this Court to determine the primary issues necessary to establish the enforceability of the mortgage debt.  Garrison alleged all of the facts necessary to determine those enforceability issues with specificity.  This Court is not barred by any issue preclusion doctrine because Bank of America dismissed its foreclosure action.

## 1.  Prior Judicial Determination of Fraud Is Not a Condition Precedent

Caliber misunderstands Garrison's "claims of fraud" and how the fraud allegations relate to Caliber's enforcement of the Garrison Mortgage. (Motion to Dismiss, page 3).  Garrison has not sued Caliber for fraud in the origination of the Garrison Mortgage.  Rather, because of the indicia of fraud in the prior foreclosure action, Garrison is essentially enforcing her right to "presentment" under Fla. Stat. § 673.5011 (2016).  Garrison alleges facts sufficient, if taken as true, to support a fraud inference that justifies her presentment demand, invoking a proof issue, not a pleading issue.  It is up to Caliber to present the instrument or otherwise offer proof of its right to enforce the loan documents, and its right to collect the amount Caliber seeks to collect, which are proof issues this Court will consider later in this case.  Caliber's circular argument that Garrison must prove fraud before she can allege fraud cannot prevail.

The mortgage loan consists of a promissory note and a mortgage.  Pursuant to Fla. Stat. § 673.3011 (2016), there are only four possible ways that Caliber can enforce the mortgage loan against Garrison.  If Caliber is not entitled to enforce the mortgage loan against Garrison

pursuant to Florida law, then its debt collection attempts against Garrison must necessarily be illegal. § 673.3011, Fla. Stat. (2016) states:

> **Person entitled to enforce instrument**—The term "person entitled to enforce" an instrument means:
>
> (1)    The holder of the instrument;
> (2)    A nonholder in possession of the instrument who has the rights of a holder; or
> (3)     A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or s. 673.4181(4).
>
> A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.[1]

In *Elsman v. HSBC Bank USA as Trustee for MLMI 2006-AF1*, slip op. 5D14-1753, 41 Fla. L. Weekly D57b, 2015 WL 9491875 (Dec. 31, 2015), the Court stated:

> "Under section 673.3011, Florida Statutes (2013), a person entitled to enforce the note and foreclose on a mortgage is the holder of the note, a non-holder in possession of the note who has the rights of a holder, or a person not in possession of the note who is entitled to enforce under section 673.3091, Florida Statutes."

A "Holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Fla. Stat. §671.201(21).  In *Cruz v. JPMorgan Chase Bank*, 41 FLW D737, 4D14-3799, at page 5 (Fla. 4th DCA 2016) the Court stated "A plaintiff alleging standing as a holder must prove it is a holder of the note and mortgage both as of the time of trial and also that [it] had standing as of the time the foreclosure complaint was filed." *Kiefert v. Nationstar Mortg., LLC*, 153 So. 3d 351, 352 (Fla. 1st DCA 2014)

---

[1] Although a thief may be able to enforce a note, equity would suggest that could only occur if the Court doesn't know a thief is enforcing it.

In order for Caliber to enforce the Garrison Mortgage pursuant to Fla. Stat. §673.3011(1) or §673.3011(2) (2016), Caliber must show that it, or LSF9, actually possesses the original promissory note in order to be its "Holder". If the note that is being enforced is the same note BANA tried to enforce in the Foreclosure Action, then Garrison calls foul as she and her expert witness claim that note is fraudulent. Neither Caliber nor LSF9 have shown Garrison that they possess a note that is different from the note that BANA filed in the Foreclosure Action.

Neither BANA or Caliber have notified Garrison that the original note was lost or destroyed. Because Caliber does not possess the original note, the final way in which Caliber may possibly enforce the note is as a lost or destroyed instrument pursuant to Fla. Stat. §673.3011(3) (2016). To do this, Caliber must prove the elements of Fla. Stat. §673.3091, which provide:

**Enforcement of lost, destroyed, or stolen instrument—**

(1)    A person not in possession of an instrument is entitled to enforce the instrument if:
　　　(a)    The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
　　　(b)    The loss of possession was not the result of a transfer by the person or a lawful seizure; and
　　　(c)    The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(2)    A person seeking enforcement of an instrument under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, s. 673.3081 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

To avoid dismissal under Rule 12(b)(6), the complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).    Garrison has not offered mere speculation that the note Caliber is attempting to collect is fraudulent.  Garrison made an offer of proof to support her claim with an affidavit from an expert witness.   Garrison also alleged that BANA voluntarily dismissed the Foreclosure Action after inspecting the allegedly fraudulent note and mortgage instruments rather than proceeding to defend Garrison's summary judgment motion, which supports a reasonable inference of fraud.  Resolution of the fraud issue is necessary to determine the extent of Garrison's liability as well as her entitlement to protections afforded her as a consumer.

Caliber contends that Garrison makes untimely fraud claims because the statute of limitations has run on a claim for fraud. (Motion to Dismiss, page 4).  Again, Garrison did not bring a claim for fraud.  Caliber became the loan servicer on November 1, 2015, and all of the claims originate from that date.

Garrison claims that Caliber doesn't have a right to enforce the debt and Caliber has actual knowledge of that fact.   If Caliber produces the same note that BANA produced in the Foreclosure Action, Garrison and her expert witness will testify that it is a fraudulent document that is legally unenforceable.  Caliber asks this Court to give debt collectors like Caliber *carte blanche* permission to collect defective debts as long as they wait until the consumer's private right of actions related to origination are time-barred.   As described above, Caliber misses the mark.  Remedial statutes like the FDCPA are designed to avoid such schemes that would operate to legitimize collection of unenforceable debts with no recourse to consumers.

## 2. Statute of Limitations is a Defense to Judicial and Non-Judicial Claims

Caliber also contends that it is not illegal to attempt to collect a time-barred debt because the statute of limitations is a shield, not a sword.  (Motion to Dismiss, page 5).  Caliber cites *Henry v. Halifax Hosp. Dist.*, 368 So. 2d 432, 433 (Fla. 1st DCA 1979) for the position that "the expiration of the statute of limitations does not extinguish the debt itself but only precludes the bringing of legal action to collect that debt."  (Motion to Dismiss, page 5).  Caliber fails to recognize the broad range of actions, judicial and non-judicial, debt collectors take to collect debts, and the statutory restrictions designed to remedy previously unchecked, unethical, and abusive collection activities.

In *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014), the Court stated "Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f."  In *Johnson v. Midland Funding, LLC*,  No. 15-11240, at p. 2 (11th Cir. May 24, 2016), the Court stated "This Court held that a debt collector violates the FDCPA when it files a proof of claim in a bankruptcy case on a debt that it knows to be time-barred. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014)."   The Court further stated:

> The Crawford panel first looked to the language of the FDCPA, which prohibits a "false, deceptive, or misleading representation," 15 U.S.C. § 1692e, or "unfair or unconscionable means," id. § 1692f, to collect on a debt. 758 F.3d at 1258. Because of the ambiguity in these terms, the Court adopted a "'least-sophisticated consumer' standard" to evaluate whether a debt collector's conduct was deceptive under the FDCPA. Id. It then concluded that "[s]imilar to the filing of a stale lawsuit," which is prohibited by the FDCPA for debts on which the statute of limitations has run, "a debt collector's filing of a time-barred proof of claim creates the misleading impression to the

debtor that the debt collector can legally enforce the debt." Id. at 1261. This impression causes problems because "[t]he 'least sophisticated' Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim." Id. Then when the debtor fails to object, the time-barred debt becomes part of the debtor's repayment plan, which would "necessarily reduce[] the payments to other legitimate creditors with enforceable claims." Id. Thus Crawford held that the practice of filing time-barred proofs of claim was misleading under the FDCPA. Id.

(At pages 6 - 7)

The Federal Trade Commission states "Assert your FDCPA rights. It's against the law for a collector to sue you *or threaten to sue you on a time-barred debt*. If you think a collector has broken the law, file a complaint with the FTC and your state Attorney General, and consider talking to an attorney about bringing your own private action against the collector for violating the FDCPA." (https://www.consumer.ftc.gov/articles/0117-time-barred-debts) (*emphasis* added).

It is not a leap to find that a billing statement that attempts to collect a sum certain from a consumer, wherein the sum certain includes unenforceable sums, and that also claims to have taken legal action which can only be avoided by the consumer's remittance of the sum certain, including the unenforceable sums, is coercive and gives the consumer the misleading impression that the consumer has no choice but to pay the full sum certain.

**B.  PLAINTIFF HAS SUFFICIENTLY STATED HER CLAIMS**

There are 1,825 days in five years.   Garrison defaulted on December 1, 2009. (Complaint, para. 20).  As of March 18, 2016, Caliber attempted to collect a debt that was 2,299 days delinquent without disclosing that part of the debt was time-barred and without excluding the time-barred portion in Caliber's demand.   (Complaint, para. 44).   Caliber threatened that Garrison would lose her home if she didn't pay the entire amount due.  Caliber's dunning letter

indicates that Garrison has no choice but to pay the entire sum due or be sued in foreclosure and

risk losing her home.  The dunning letter made the following statements to Garrison:

> **DELINQUENCY NOTICE**
>
> You are late on your mortgage payments.  *Failure to bring your loan current may result in fees and foreclosure - the loss of your home.  As of 3/18/2016, you are 2,299 days delinquent on your mortgage.*
>
> **Total Payment Due:  $188,099.70**
> . . . .
> **Important Messages:**
> This is an attempt by a debt collector to collect a consumer debt and any information obtained will be used for that purpose.
>
> Partial Payments:  *Any partial payments that you make are not applied to your mortgage*, but instead are held in a separate suspense account.  If you pay the balance of a partial payment, the funds will then be applied to your mortgage.
>
> *We show that your loan has been referred to Foreclosure.*

(*emphasis* added)(Exhibits to complaint, page 70).

Caliber states in its dunning letters that Garrison owes the entire sum of money from the

date of default to the present and that if she does not pay that sum that she may lose her home to

foreclosure.  After allegedly conducting its reinvestigation, Caliber reported to Experian that

Garrison owed a sum from the date of default to the present.  Caliber telephoned Garrison at least

fifty times on her cellular device without her consent.  After her attorney sent Caliber a cease

contact demand, which Caliber repeatedly admitted it had received, Caliber sent someone to

Garrison's home on at least two occasions to try to talk to her and "serve" her papers.  During

one of those visits Caliber's agent spoke to Garrison's minor son about the debt and went so far

as to give him the impression that his mother was facing legal action for failing to pay for her

house. It is disingenuous of Caliber to claim that there's no substantial controversy. (Motion to Dismiss, page 7).

### a. Count II-Fair Debt Collection Practices Act

The FDCPA specifically defines the manner by which Caliber may attempt to collect the mortgage debt it alleges is due and provides the remedies to Garrison if Caliber does not comply. The FDCPA is a strict liability statute and proof of intentional violation is not necessary. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir.2010). "The FDCPA prohibits debt collectors from using any false representation as to the "legal status of any debt." *Bacelli v. MFP, Inc.*, 729 F.Supp.2d 1328, 1332 (M.D. Fla., 2010).

In determining whether a collection practice is false or misleading under § 1692e, the Eleventh Circuit looks to the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc.,* 760 F. 2d 1168, 1175 (11th Cir. 1985). In *Palmer v. Dynamic Recovery Solutions, LLC* Case No: 6:15-cv-59-Orl-40KRS, at p. 9 (M.D. Fla., May 4, 2016), the Court stated:

> Whether a debt is barred by an applicable statute of limitations is fundamental to the debt's character and legal status. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1260 (11th Cir. 2014) (explaining the significance to debtors of statutes of limitations in determining a debt's legal status), cert. denied, 135 S. Ct. 1844 (2015). The failure to disclose that a debt is barred by the statute of limitations would likely mislead the least sophisticated consumer as to the character or legal status of his or her debt, thus violating § 1692e(2)(A).

Caliber contends that Garrison hasn't shown that Caliber knew it was not to communicate with Garrison. Garrison pled that in every telephone call (beginning November, 2015), she told Caliber she had an attorney and to stop contacting her. (Complaint, para. 40 - 43). That communication occurred nearly simultaneously with Caliber taking over servicing of the debt. Caliber acknowledged receiving Garrison's RESPA letter demanding that Caliber cease contact

with Garrison.   Garrison proffered the RESPA letter, certified mail receipt, and return receipt demonstrating Caliber received it on April 5, 2016.   (Exhibits to Complaint, p. 76).   Garrison is not required to plead that Caliber listened to Garrison when she told them not to call.   Garrison is not required to plead that Caliber read the RESPA letter.   Caliber complains that Garrison failed to parrot the statute for the purpose of pleading knowledge of representation, while complaining elsewhere that Garrison did nothing but parrot the statute.

### b.   Count III-IV- Violations of Fair Credit Reporting Act

Caliber contends that Garrison's FCRA claims are not specific in that Garrison fails to allege how the delinquency information was inaccurate or how Caliber failed to conduct a reasonable investigation.   On March 30, 2016, Garrison disputed the debt with Experian stating that the amount of the debt was wrong because it sought sums due more than five years prior and the statute of limits prevented the collection of that sum. (Exhibits to Complaint, p. 74). Garrison's counsel advised Caliber that it was attempting to collect sums that were beyond the statute of limits and that Caliber was reporting inaccurately on Garrison's credit report.   (Exhibits to Complaint, p. 75).

In *Calhoun v. Certegy Check Servs., Inc*. Case No: 8:14-cv-1020-T-27MAP, at pages 4 - 5 (M.D. Fla., 2014), the Court stated that "Under § 1681s-2(b), "a furnisher of credit must undertake an investigation and take other actions after the furnisher has been notified of inaccuracies in a consumer's credit report" by the CRA." and that the "reasonableness of the investigation is to be determined by an objective standard" with plaintiff carrying the burden. The Court stated that the specific duties of a furnisher of credit information who receives a dispute from the CRA is to:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

Absent the fraudulent nature of the original note, it is objectively reasonable for Caliber to have reported to Experian the debt due within the previous 1825 days.  Reporting misleading statements that are otherwise technically accurate is actionable under the FCRA.  *Agosta v. InoVision, Inc.*, Civ. A. 02-806, 2003 WL 22999213, at \*5 2003 US Dist LEXIS 23889, at \*17 (E.D. Pa. Dec 16, 2003).  Caliber failed to notify Experian of an inaccuracy in the amount due, and failed to modify, delete or permanently block that item of information for amounts alleged to be due outside the limitations period or otherwise unenforceable.

### c. *Count V-Real Estate Settlement Procedures Act*

Caliber suggests that the accuracy burden Caliber bears in asserting a claim for a past due debt in non-judicial collection efforts is less than that for a claim for the same past due debt in judicial collection efforts.   Caliber perverts its duty to provide periodic statements to consumers under 12 CFR 1026.41, by arguing that it has no duty to ensure that those statements are accurate and truthful.   (Motion to Dismiss, page 6).   There is no purpose in the requirement if the

information is not intended to be accurate.   Caliber also asks this Court to ignore the fact that Caliber claimed the Garrison Mortgage was already in foreclosure and that Caliber was attempting to "serve" Garrison.   These threats highlight the necessity for accurate information because they invoke Garrison's contractual cure and reinstatement rights and her statutory redemption rights.

Garrison takes issue with the billing statements that are inaccurate with respect to the amount due; that mischaracterize the nature of the debt by failing to distinguish between debt is unenforceable by virtue of the statute of limitations or fraud; and that claim the right to continue its allegedly pending foreclosure action if Garrison doesn't pay the sum Caliber demands.

After receiving Garrison's written notice of the errors regarding the enforceability of all or a portion of the debt and the propriety of certain non-descript fees believed to include attorney fees taxed against Bank of America as the non-prevailing party in the Foreclosure Action, Caliber failed to correct Garrison's account and continued to attempt to collect amounts that are beyond the five-year statute of limitations or are otherwise improper.   Caliber also continued to report inaccurate data about Garrison to Experian within sixty days of receiving the RESPA Letter.  (Complaint, para. 114 - 115).

### d.  Count VI-Declaratory Relief

Garrison seeks declaratory relief in the form of a determination that the debt is unenforceable by Caliber and a determination that the amount of the debt is overstated because it includes sum beyond the five-year statute of limits and other uncollectable amounts. (Complaint, para. 124 - 125 and "Prayer for Relief").

Garrison concedes that the statute of limitations would not normally be a basis for declaratory relief. However, Caliber made it an issue by attempting to enforce a defective debt, by attempting to collect sums beyond the five-year statute of limits by way of dunning letters, negative reports about Garrison's credit to Experian, and by refusing to correct known account errors stemming from the defective debt.

Caliber's own arguments in support of its Motion to Dismiss highlight the necessity for declaratory relief. Garrison has been threatened with liability by a debt collector who is attempting to collect a debt that was the subject of a fraud inquiry immediately preceding transfer of servicing rights to Caliber, and needs an opportunity to establish the extent of her non-liability. 10B Charles A. Wright *et al.*, Federal Practice and Procedure § 2751, at 457 (3d ed. 1998). An actual controversy exists because Caliber is actively attempting to collect the debt. Without the determination, Caliber would have unbridled authority to violate statutory provisions designed to protect Garrison from Caliber's activities.

### e. Count VII-Florida Consumer Collection Practices Act

"The FCCPA prohibits anyone from claiming, attempting, or threatening "to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9)." *Miller v. DirecTV, LLC* No. 3:15-cv-390-J-PDB, at p. 2 - 3 (M.D. Fla., March 2, 2016). In a legal action, Caliber could not legally collect all of the debt because some of it was time-barred. Caliber clearly threatened Garrison with loss of her home in foreclosure litigation if she did not pay the entire sum due, which included the time-barred component of the debt. Therefore, the dunning letter was also a violation of the FCCPA.

Caliber claims Garrison did not allege that Caliber disclosed information about Garrison's character to the credit bureaus. (Motion to Dismiss, page 11).    "Character" is not within the purview of the statute.  Garrison alleged that Caliber disclosed information affecting her reputation to the credit bureaus - credit reputation.  Caliber also complains that Garrison did not prove that the disclosed information was false.  (Motion to Dismiss, page 11).  Inaccurate information, by its nature, is false.  Garrison alleged that the sum that Caliber is reporting to Experian is inaccurate.  Garrison also supported her allegation that Caliber failed to report to the credit bureaus that the information in her credit report was disputed.  Caliber relies solely upon the March 14, 2016 dispute letter, ignoring Garrisons allegation that she disputed the debt in February, 2016.  In March, 2016, Garrison pulled her credit report and found that Caliber had not reported the debt was disputed.  Caliber's objections again relate to proof requirements, not pleading requirements.

Finally, Caliber contends that Garrison does not properly allege a violation of Florida Statutes section 559.72(5) which states:

In collecting consumer debts, no person shall:

(5)    Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

Although Caliber correctly identifies that the statute allows disclosure to family members, Caliber fails to recognize that the FCCPA cannot be less restrictive than the FDCPA, which prohibits debt collectors from communicating with third parties without the consumer's consent.   15 U.S.C. §1692c(b).   The FDCPA includes "spouse, parent (if the consumer is a

minor), guardian, executor, or administrator" in the definition of "consumer."   It does not,

however, include "minor" in the definition, when the consumer is an adult.   Fla. Stat. §559.552

(2016) provides that "in the event of any inconsistency between any provision of this part and

any provision of the federal act, the provision which is more protective of the consumer or debtor

shall prevail."   Therefore, Garrison's claims related to Caliber's communication with her minor

son should not be dismissed.


**IV.**                                        **CONCLUSION**

Counts II-VII of Plaintiff's Complaint should not be dismissed.   Plaintiff has sufficiently pled

the facts supporting her claims.     The Defendant's objections relate to the Plaintiff's proof

requirements rather than to pleading requirements.

LegalNinja, LLC                                 Brevard Consumer Law Center

*/s/ Catherine J. Jones*                        */s/ George Gingo*
CATHERINE J. JONES                              GEORGE M. GINGO
Florida Bar No.: 0709271                        Florida Bar No.: 879533
400 Orange St.                                  400 Orange St.
Titusville, Florida  32796                      Titusville, Florida  32796
(321) 888-2280 Telephone                        (321) 264-9624 Telephone
(321) 400-1192 Facsimile                        (866) 311-9573 Facsimile
Email: jones@mylegalninja.com                   Email: gingo.george@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2016, I electronically filed the foregoing with
the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being
served this day on all counsel either via transmission of Notices of Electronic Filing generated by
CM/ECF or in some other authorized manner for those counsel or parties who are not authorized
to receive electronically Notices of Electronic Filing.

                                   /s/ George M. Gingo
                                   George M. Gingo
                                   Florida Bar No.: 879533